IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


THOMAS SHANE MATHERLY
    Plaintiff,

       V                            Civil No: 1:CV-05-0815

RONNIE HOLT, WARDEN
    Defendant


<u>Brief in Support of Civil Rights Compliant under 28 U.S.C. ß 1331</u>


    I, Thomas Shane Matherly, now come before this court to ask this court to grant my complaint and the judgement that I seek against the defendant, Mr. Ronnie Holt, for violation of my civil rights.

Statement of Facts

    On January 27, 2004, I arrived at the FCI Schuylkill facility to serve my sentence that I had received in <u>US v Matherly</u> CR03-422-A. I was not immediately teamed when I got to the facility but around February 25, 2004, I was scheduled to see Mr. Whalen who was my case manager in Unit 1A. Two days later after that team meeting I was confronted by an inmate who lived in the same housing unit as I did. He questioned me about my prior convictions and I told him that the rumor he heard was not true. After that confrontation I reported the incident to Mr. Whalen and he advised me to lie about my conviction due to the sensitive nature of my prior and current convictions. On March 4, 2004, a week after the first confrontation, upon returning to my room after work, I was confronted by a different inmate about my criminal history, William Lowry confronted me about my history

and told me that he knew all about my first conviction US v Matherly
OO-CR-238 and about the current conviction as well.  He told me in
detail about the FBI sting operation and how I traveled from Springfield
VA to Columbia, MD to meet what I thought was a 13yo girl for sex but
it turned out to be an undercover agent.  He also told me he knew
about my current fantasies as well.  All of these details are spelled
out in my Pre-sentence Investigation Report.  Also during the encounter
he stated that he obtained the information about me from an outside
source.  I have sufficient evidence to discredit that statement as well
as a letter from the District Court in Alexandria, VA stating that a
PSI is filed Under Seal.  After that encounter Mr. Lowry went to discuss
the matter with two additional inmates.  He then brought one of the
inmates back who is Mr. John Beacham.  Both of them told me that I had
to turn myself into the SHU before dinner.

After leaving the room I had reported the encounter to the CO that
was on duty at that time.  I told him that I was a sex offender and
that I had been confronted and told to report to the SHU.  The LT who
talked to me asked me to identify the inmates who confronted me but
I refused because of concerns for my families safety and from the
threat of the two inmates as to what would happen to my family if any
of them ended up in the SHU.  So from March 4 - March 10 I was placed
in the SHU for Protective Custody.  On Friday, March 5, 2004, I was
ordered to return to the compound because SIS did not see any potential
threat existed.  I refused and received a 306 incident report for
refusing programs.  After that incident I received another order to
return to the compound and to avoid another incident report I did.
On March 10, 2004, I left the SHU and returned to the same Unit 1A
but not the same room.  On Friday March 12, 2004, Mr. Lowry entered
my room that was not his living area and confronted me again.  This

2

time I went to the Unit Manager Mr. McFadden and asked him if I could
be transferred to another Unit. He asked me if I thought that would
solve the problem and I responded that I wasn't sure but that I was
willing to try. After I left and went to lunch, a CO came looking
for me and escorted me to the LT's office. The LT asked me if I had
some guys on the compound after me. I told him that I did because
of my sex offense convictions. So I was taken back to the SHU to be
placed in Protective Custody. On Thursday, March 18, 2004, I met with
the SIS Lt and he stated that he was going to certify my status and
keep me in PC. So from March 13, 2004 to March 21, 2005, I was in the
SHU under PC status.

After being in the SHU for seven months I filed a BP-8 to inform
staff that I believed a staff member violated the FOI/PA of 1974 and
released my information to the above mentioned inmates. I had filed
sensative complaints at the Regional and Central levels but they were
denied as non-sensative. After filing the BP-8 and not getting a
desired response, I filed a BP-9 with the Warden. He responded in a
timely manner but I was not satisfied with his response. (Exhibit A)
I then filed a BP-10 to the BOP Northeast Regional Office. They did
not send a response back to me in the time allowed nor did they file
for a time extension. Therefore there is not reponse from Region.
I then filed a BP-11 to the Central Office stating that Region did
not reply and cited there own Program Statement 1330.13 section 12
dealing with reponse time. (Exhibit B & C). They rejected my appeal.
Now I have filed this motion because I have exhausted my remedies
in prison and have not received the remedy I was seeking.

3

## **Arguement**

Mr. Lowry made a claim to me that he had received the infor-mation about from the outside. Exhibit E-H will show that he could not have gotten detailed information about me between Jan 27 and March 4 that quickly. On December 9, 2004 I asked my case manager Mr. Whalen if he would administer an oath on my FOI/PA request forms in accordance with 18 USC 4004. Then I mailed out those requests to the following divisions within the Justice Department: Federal Bureau of Investigation, Burea of Prisons - Northeast Regional Office, Executive Office for United States Attorneys, Criminal Division - DOJ. Each of these requests took a little bit of time to respond to the request and to acknowledge receipt plus it took a little more time to search through their records or to request further clarification on which database I would like to have searched. Therefore, it would be very hard to believe that with the time involved to process the request form Mr. Lowry received the detailed information about me from an out-side source. Also, Mr. Lowry claimed that he got the information from my PSI from the outside as well. Exhibit D will show that his claim is untrue because PSI's are filed under seal.

Therefore since Mr. Lowry could not have gotten the infor-mation from my PSI or the information quickly from the outside a logical conclusion is that he obtained access to my central file from a staff member at FCI Schuylkill. Since the Warden stated in his response that he would not disclose any information about his

4

investigation to me I am forced to name him as the primary defendant in this investigation.  Mr. Holt is responsible for the actions and conduct of his staff and those actions and conduct resulted in a violation of the FOI/PA of 1974 and 5 USC 552a.  It also caused my personal safety to be put in jeopardy as well as the safety of other sex offenders who may reside at FCI Schuylkill.

The remedy I am seeking is listed in my petition and does not need to be restated in this brief.

### Conclusion

In conclusion, I believe I have presented enough evidence and arguement that shows that the staff was directly responsible for the violation or at the least was negligent in allowing an inmate to find a way to gain access to my PSI and Central file.  Therefore, I would ask this court to grant my petion and complaint and grant me the remedies I seek.

Signed this 30th day of April, 2005

_____
Signature of Plaintiff

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

4-30 05
_____
Date

_____
Signature of Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing
"Brief in Support of Civil Rights Complaint Under 42 USC §1983
or 28 USC §1331" was mail postage prepaid to the defendant
listed below this ___1___ day of ___May___, 2005.

By: _____
THOMAS SHANE MATHERLY

Ronnie Holt, Warden
FCI Schuylkill
PO Box 700
Schuylkill PA 19754-0700

<u>Certificate of Mailing</u>

I HEREBY CERTIFY that this brief was dropped in the FCI Butner
instituional mail box on Sunday, May 1, 2005.

Thomas Shane Matherly

## FCI Schuylkill, Pennsylvania

### ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
### INFORMAL RESOLUTION FORM

**NOTE TO INMATE**:   You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 [BP-229(13)], you **MUST** attempt to informally resolve your complaint through your Correctional Counselor.  Briefly state **ONE** complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By: _Tachmanics_ (Initials of Correctional Counselor)

Date Issued To The Inmate: _10-5-04_

**INMATE'S COMMENTS**:

1.  Complaint: _A Staff member released sensitive info to an inmate in Unit 1A during the time period of Feb 26 - Mar 4. This is a violation of FOIA / Privacy Act of 1974_

b.  Efforts you have made to informally resolve complaint: _Tried to send sensitive complaint to Region + Central rejected as non sensitive Informed Mr. Whalen of the potential threat_

3.  Names of staff you contacted: _Mr. Whalen, Regional Office, Central Office_

Date Returned to Correctional Counselor: _10-14-04_

_(signature)_ _____   _37204033_   _10-15-04_
Inmate's Signature                Reg. Number          Date

**CORRECTIONAL COUNSELOR'S COMMENTS**:

1.  Efforts made to informally resolve and staff contacted: _After speaking with SIS their Investigation proved there is no evidence to support your claim._

Date BP-9 Issued: _11-7-04_      # _9001_      _(signature)_
                                                       Correctional Counselor

Date Informally Resolved: _____  #_____
                                                       Inmate's Signature

Unit Manager Review: _M. Whalen, Actg_      Date: _10-15-04_

**Distribution**:  If complaint is **NOT** informally resolved - Forward original attached to BP-9 Form to the Associate Warden of Operations.  If complaint informally resolved - maintain copy with Informal Resolution Log Book.

Attachment 2

### EXHIBIT A

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | MATHERLY Thomas Shane | 34209035 | 1A (SHU) | FCI Schuykill |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** On March 4, 2004 at 3:30 p.m I was confronted by an inmate, who was also a roommate in a common area, about my conviction. He told me in great detail about the FBI operation of my first conviction and detailed psychiatric info from my second conviction all of which is in my PSI. After doing outside investigation I have concluded that a staff member gave this confidential info to the inmate. I filed a complaint with Regional Office but they rejected it saying it wasn't sensitive. Here is the reason I base my accusation on: ① I had no copy of my PSI with me according to policy of BOP; ② Clerk of the Court in Alexandria VA told my mom in a phone call that the PSI was not made public record and the BOP was the only person outside the prison with a copy; ③ None had written or verbal consent from me to file a FOIA in accordance with the FOIA and what is stated in the handbook. Therefore I strongly believe a staff member violated confidentiality.

9-23-04
DATE

*Sherman Shane Matherly*
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*See attached.*

**EXHIBIT A CONT.**

_____ DATE

_____ WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**   CASE NUMBER: 3S 36a35 -F2

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____ DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN   PRINTED ON RECYCLED PAPER   BP–229(13)
APRIL 1982

MATHERLY, Thomas
Reg. No. 34209-037
Unit 1A
Remedy ID #: 353635-F1

### Part B - RESPONSE

This is in response to your Request for Administrative Remedy dated September 23, 2004, in which you allege a staff member provided another inmate with information from your PSI. Specifically, you state an inmate assigned to your general population cell confronted you with information contained in your PSI. You state you do not have a copy of your PSI, and you have not given anyone permission to obtain your PSI through the Freedom of Information Act. You also state your mother confirmed, through the Clerk of Courts, information contained in a PSI is not part of the public record. Therefore, you surmise staff provided information from your PSI to the inmate who confronted you.

It is the policy of the Bureau of Prisons, and the practice at FCI Schuylkill, to take allegations such as yours seriously, and to investigate these allegations. Therefore, your allegations have been referred to the appropriate office for further review and consideration. However, due to privacy interests of staff, we will not disclose to you the results or final outcome of any investigation conducted in this matter.

If you are not satisfied with this decision, you may appeal to the Regional Director, Federal Bureau of Prisons, U.S. Customs House, Second and Chestnut Streets, Philadelphia, Pennsylvania, 19106, within 20 calendar days of the date of this response.

_____          _____
Ronnie R. Holt, Warden                                   Date

**EXHIBIT A CONT.**

U.S. Department of Justice

Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Pleatherly Thomas Shane            34209033        1A (SHU)        FCF Schoylkill
LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.           UNIT              INSTITUTION

Part A—REASON FOR APPEAL  I have gone to the Warden & Regional Director about this sensitive issue. A staff member here at the prison released info about my case to an inmate outside the procedures of the FOIA. The inmate told me detailed info about the FBI operation of my first conviction and psychiatric info of my current conviction. Both of which is in my PSI. The inmate said he got the info from the outside but after a talk with the clerk of court that is not likely. The PSI is not made public record, I did not have it in my property because of BOP policies, and noone had my consent to do a FOIA on me per stated in 5 USC 551, CFR, and the handbook here. I believe a stricter policy should be enforced and the person fired for giving the info improperly.

2-16-05                                      Theron Shane Keith
DATE                                         SIGNATURE OF REQUESTER

Part B—RESPONSE

**EXHIBIT B**

DATE                                         GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: _353635-A_

Part C—RECEIPT

                                             CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.           UNIT           INSTITUTION
SUBJECT: _____

DATE                        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL        BP-231(13)
USP LVN                     Previously BP-DIR-11                                    APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 1, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : THOMAS SHANE MATHERLY 34209-037
      PETERSBURG MED FCI    UNT: G    QTR: 204-255LAD
      P.O. BOX 90042
      PETERSBURG, VA 23804


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 353635-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : FEBRUARY 23, 2005
SUBJECT 1       : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE.  THIS TIME LIMIT INCLUDES MAIL TIME.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM AND  A COPY
                 OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REJECT REASON 3: SEE REMARKS.

REMARKS         : YOUR APPEAL WAS DUE ON 01-05-2005. YOU NEED STAFF
                  VERIFICATION ON BOP LETTERHEAD TO DOCUMENT THAT
                  UNTIMELINESS WAS NOT YOUR FAULT.


**EXHIBIT B CONT.**

To: General Counsel

In accordance to PS 1330.13 section 12 I am going ahead with my appeal. I have waited for the Regional Office to reply and they have not. I have even sent a letter requesting a status update. I have not received a response to that either. The staff here at FCI Schuylkill has not informed me of any changes, responses or extension. Therefore that is the reason for the lack of the BP-10.

Shane Math

**EXHIBIT B CONT**





RECEIPT - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 16, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      SCHUYLKILL FCI

TO  : THOMAS SHANE MATHERLY, 34209-037
      SCHUYLKILL FCI    UNT: 1    QTR: Z02-195LAD

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 353635-F2
DATE RECEIVED  : OCTOBER 20, 2004
RESPONSE DUE   : NOVEMBER 9, 2004
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

**EXHIBIT B CONT**

RECEIPT - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 16, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : THOMAS SHANE MATHERLY, 34209-037
      SCHUYLKILL FCI    UNT: 1    QTR: Z02-195LAD

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID      : 353635-R1
DATE RECEIVED  : NOVEMBER 8, 2004
RESPONSE DUE   : DECEMBER 8, 2004 - January 8, 2005
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

**EXHIBIT B CONT.**

PS 1330.13
CN-03, 10/07/97
Page 11

inmate's resubmission or direct return to that lower level), or
may accept the submission for filing.  The inmate shall be
informed of the decision by delivery of either a receipt or
rejection notice.]

12.  [<u>RESPONSE TIME</u> §542.18.  If accepted, a Request or Appeal
is considered filed on the date it is logged into the
Administrative Remedy Index as received.  Once filed, response
shall be made by the Warden or CCM within 20 calendar days; by
the Regional Director within 30 calendar days; and by the General
Counsel within 40 calendar days.  If the Request is determined to
be of an emergency nature which threatens the inmate's
immediate health or welfare, the Warden shall respond not later
than the third calendar day after filing.  If the time period for
response to a Request or Appeal is insufficient to make an
appropriate decision, the time for response may be extended once
by 20 days at the institution level, 30 days at the regional
level, or 20 days at the Central Office level. Staff shall inform
the inmate of this extension in writing.  Staff shall
respond in writing to all filed Requests or Appeals.  If the
inmate does not receive a response within the time allotted for
reply, including extension, the inmate may consider the absence
of a response to be a denial at that level.]

The date a Request or an Appeal is received in the Administrative
Remedy index is entered into SENTRY as the "Date Rcv", and should
be the date it is first received and date-stamped in the
Administrative Remedy Clerk's office.  Notice of extension
ordinarily is made via SENTRY notice.

13.  <u>REMEDY PROCESSING</u>

a.  <u>Receipt</u>. Upon receiving a Request or Appeal, the
Administrative Remedy Clerk shall stamp the form with the date
received, log it into the SENTRY index as received on that date,
and write the "Remedy ID" as assigned by SENTRY on the form.
Once a submission is entered into the system, any subsequent
submissions or appeals of that case shall be entered into SENTRY
using the same Case Number.  The "Case Number" is the
purely numerical part of the "Remedy ID" which precedes the
hyphen and "Submission ID."

*   All submissions received by the Clerk, whether accepted or
rejected, shall be entered into SENTRY in accordance with the
SENTRY Administrative Remedy Technical Reference Manual.      *

Sensitive issues, when the inmate claims that his or her safety
or well-being would be placed in danger if it became known at the
institution that the inmate was pursuing the issue, should be
withheld from logging in until answered and/or should be logged
into SENTRY with sufficient vagueness as to subject code and
abstract to accommodate the inmate's concerns.

<u>**EXHIBIT C**</u>

# UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF VIRGINIA
### OFFICE OF THE CLERK
### ALBERT V. BRYAN U.S. COURTHOUSE
### 401 COURTHOUSE SQUARE
### ALEXANDRIA, VIRGINIA  22314-5798

ELIZABETH H. PARET
CLERK OF COURT

| | |
|---|---|
| CIVIL | 299-2101 |
| CRIMINAL | 299-2102 |
| JURY/NATURALIZATION | 299-2104 |
| FINANCIAL | 299-2105 |
| SYSTEM | 299-2106 |
| ADMINISTRATION | 299-2107 |

October 7, 2004

Thomas Shane Matherly # 34208037
FCI Schuykill- SHU
P.O. Box 759
Minersville, PA 17954-0759

Re: Case number 1:00cr238 and 1:03cr422

Dear Mr. Matherly:

On October 4, 2004, we received a letter from you regarding information about Presentence Reports.  Presentence Reports are filed Under Seal and to obtain a copy you would need to contact the Probation Office.  All other documents that are not filed Under Seal are available for the public to review.

If you have any questions, please feel free to contact the Clerk's Office at (703) 299-2101.

Sincerely,

Elizabeth H. Paret, Clerk

By: _____
               Deputy Clerk

**EXHIBIT D**

EXHIBIT E



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

*February 7, 2005*

MR THOMAS SHANE MATHERLY
**34209037
POST OFFICE BOX 759
MINERSVILLE, PA 17954 0759

Request No.: 1013266- 000
Subject: MATHERLY, THOMAS SHANE

Dear Mr. Matherly:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

9

EXHIBIT F CONT.



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*March 14, 2005*

MR THOMAS SHANE MATHERLY
**34209037
POST OFFICE BOX 759
MINERSVILLE, PA 17954 0759

Request No.: 1013266- 000
Subject: MATHERLY, THOMAS SHANE

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to our requests, we concentrate on identifying main files in the Central Records System at FBI Headquarters. No records pertinent to your FOIPA request was located by a search of the automated indices. No records pertinent to your FOIPA request was located by a search of Electronic Surveillance records.

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

If you believe that files exist in one fo the FBI field offices, it is incumbent upon you to direct your request to the appropriate office.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
*Philadelphia, PA. 19106*

February 10, 2005

Thomas Shane Matherly, Reg. No. 34209-037
Federal Correctional Institution - Schuylkill
P.O. Box 759
Minersville, Pennsylvania 17954

RE:   FOIA Request No. 2005-2589

Dear Mr. Matherly:

This is in response to your request for information that was received by this agency on January 28, 2005. You request a copy of all records that are maintained by the Federal Bureau of Prisons regarding you.

In accordance with Bureau of Prisons' Program Statement 1351.05, <u>Release of Information</u>, you may review your central and medical files by contacting staff at your institution to make arrangements for a local review. Copies of the releasable portions of your central and medical files may be obtained locally.

I trust this is responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel

**EXHIBIT F**



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: <u>Shane Matherly</u>          Request Number: <u>05-374</u>

Subject of Request: <u>Self</u>

Dear Requester:

    Your Freedom of Information Act/Privacy Act request has been received. Since the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, we ask that you identify the specific U.S. Attorney's office(s) where you believe the requested records exist. This would primarily be the district(s) in which <u>prosecution or litigation</u> occurred.

    By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. §16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. §16.11(k)). Indigency does not constitute a basis for a fee waiver. Please note that pursuant to 28 C.F.R. §16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

    Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you.

<u>**EXHIBIT G**</u>

(Page 1 of 2)
Form No. 003B - 6/02

FEB 1 4 2005

You may appeal my decision in this matter by writing within sixty (60) days, to:

> Office of Information and Privacy
> United States Department of Justice
> Flag Building, Suite 570
> Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

> Sincerely,
>
> *Marie A. O'Rourke*
>
> Marie A. O'Rourke
> Assistant Director

(Page 2 of 2)
Form No. 003B - 6/02

**EXHIBIT H**



**U. S. Department of Justice**

Criminal Division

*Washington, D.C. 20530*

CRM-200500195P

MAR   2 2005

Thomas Matherly
Reg. No. 34209-037
FCI Schuylkill - SHU
P.O. Box 759
Minersville, PA 17954

Dear Mr. Matherly:

      This will acknowledge receipt of your letter of December  09,
2004, requesting records relating to you.

      We were unable to search for the records you requested because
you have not furnished the following item(s) in compliance with 28
C.F.R. 16.41.

[ ]  <u>Certification of Identification Form</u>.  Notarized
     signature or Declaration pursuant to 28 U.S.C. Section
     1746.

[X]  <u>Privacy Act Identification and Request Form</u>.  This form
     is requested because our experience indicates that many
     persons throughout the country have the same or similar
     names.

[X]  <u>**CURRENT** Descriptive List of Systems of Records Maintained
     by the Criminal Division</u>.  Please review this list and
     indicate which systems you wished searched.

      A copy of each requested form is enclosed.

      We are closing out this request.  Upon receipt of the completed
form(s), we will assign a new number to your request and process it.
Please return the requested form(s) to:

Thomas J. McIntyre, Chief
FOIA/PA Unit, Criminal Division
DOJ, Keeney Building, Suite 1127
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530.

      If you treat this response as a denial, you have a right to an
administrative appeal.  The appeal should be in writing and addressed
to: Assistant Attorney General, Office of Legal Policy (Attention:

Office of Information and Privacy) United States Department of
Justice, Washington, D.C. 20530.  The envelope and letter should be
clearly marked, "FOIA/PA Appeal".  If you exercise this right and
your appeal is denied, you also have the right to seek judicial
review of this action in the federal judicial district (1) in which
you reside, (2) in which you have your principal place of business,
(3) in which the records denied are located, or (4) for the District
of Columbia.


                Sincerely,

                *Thomas J. McIntyre*

                Thomas J. McIntyre, Chief
                Freedom of Information Act/Privacy Act Unit
                Office of Enforcement Operations
                Criminal Division


                    Page 2

Shane Matherly 34209-037
FCI Butner Uw. Med.
PO Box 1000
Butner NC 27509-1000

United States District Court
Office of the Clerk
235 N. Washington Ave
Scranton PA 18501

RECEIVED
SCRANTON

MAY 0 6 2005

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

Special Mail